T.C. Summary Opinion 2021-40

UNITED STATES TAX COURT

DONALD G. SWYERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7349-19S.                    Filed November 30, 2021.

Donald G. Swyers, pro se.

<u>Gennady Zilberman</u> and <u>Jerry M. Innocent</u>, for respondent.

SUMMARY OPINION

LEYDEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code), as amended, in effect at all relevant times, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that Donald G. Swyers and his wife, Nancy B. Swyers, were not entitled to deduct expenses on Schedule C, Profit or Loss From Business, totaling $39,050 on their 2016 joint Federal income tax return, and he issued a notice of deficiency dated April 1, 2019, determining a deficiency of $6,379 and a section 6662(a) accuracy-related penalty of $1,275.  Mr. Swyers filed with the Court a timely petition for review of respondent's determination.[2]  Mr. Swyers has conceded that he is not entitled to deduct Schedule C business expenses, but he has asserted he is entitled to deductions for:  (1) cash charitable contributions of $2,355 and (2) unreimbursed employee expenses of $42,621. Further, at issue is whether Mr. Swyers is liable for an accuracy-related penalty under section 6662(a).  The Court holds that Mr. Swyers is not entitled to these two deductions.  Further, the Court holds that Mr. Swyers is liable for the section 6662(a) penalty subject to Rule 155 computations.

---

[2]Although the notice of deficiency was issued to both Mr. and Mrs. Swyers, Mrs. Swyers did not file a petition with the Court.

## Background

Some of the facts have been stipulated and are so found. Mr. Swyers resided in New York when he filed his petition. Petitioner's wife lived and worked in the couple's Florence, Massachusetts, residence during 2016. At various times during 2016 Mr. Swyers also worked out of the Florence residence.

### I. Mr. Swyers' Disability

Mr. Swyers was diagnosed with multiple sclerosis (MS) in 2007. He applied for and qualified for Social Security disability insurance in the summer or fall of 2017. Since his diagnosis he has struggled with the effects of MS.

### II. Mr. Swyers' 2016 Employment

On November 12, 2015, Mr. Swyers signed an employment contract with Cynet Systems, Inc. (Cynet), to work as a database security engineer as an at-will employee and was paid an hourly wage of $60. Cynet employed Mr. Swyers from December 7, 2015, through July 4, 2016, to assist one of its clients, HCL/Discover Financial Services, to implement security functions to try to stop hackers from obtaining sensitive information. During that period HCL/Discover Financial Services' place of business was in Riverwoods, Illinois.

Before starting work for Cynet, Mr. Swyers had worked as a consultant for many years. He did not work for any company other than Cynet during 2016.

Sometimes he performed his job in Illinois and other times he worked remotely from Florence. He did not move to Illinois, and Cynet did not reimburse him for any moving expenses. Cynet did not have a reimbursement policy for employee business expenses.

When Mr. Swyers was in Illinois, he stayed at hotels and ate his meals out. He traveled between Massachusetts and Illinois during the period he worked for Cynet. Cynet issued Mr. Swyers Form W-2, Wage and Tax Statement, for his work during 2016.

III.    2016 Tax Return

Mr. Swyers prepared and filed the couple's 2016 joint Federal income tax return. On that return, among other things, he reported his wife's wages of $10,328, his wages of $60,466 received from Cynet, and a business loss of $39,050. Mr. Swyers filed with that return a Schedule C. On the line for name of proprietor, he reported Donald G. Swyers, and on line E, business address, he reported his residential address in Florence. He did not report any gross receipts and reported expenses totaling $39,050, consisting of car and truck expenses of $1,403, office expenses of $74, supplies expenses of $22, travel expenses of $33,230, deductible meals and entertainment expenses of $3,552, and utilities expenses of $769. He calculated the car and truck expenses by reporting total

business miles driven of 2,598. Mr. Swyers concedes that he was an employee of Cynet during 2016 and that he did not operate a business.

Mr. Swyers did not keep contemporaneous records of the expenses he incurred for travel or meals and entertainment. Rather, he used the General Services Administration expense amounts for the ZIP Code for Riverwoods, Illinois, to calculate the reported travel and meals and entertainment expenses.

IV.    Notice of Deficiency and Subsequent Reported Expenses

The Internal Revenue Service (IRS)[3] examined Mr. Swyers' 2016 joint Federal income tax return. The IRS sent a Letter 566-S dated August 27, 2018, in which it proposed to disallow travel expenses and meals and entertainment expenses Mr. Swyers reported on the Schedule C. Mr. Swyers responded to that letter on November 25, 2018, sending the IRS information he asserted supported his reported expenses. By letter dated February 11, 2019, the IRS informed Mr. Swyers that it had considered the information he sent but did not alter its proposed changes to his 2016 joint Federal income tax return. Mr. Swyers responded and indicated that he recognized that he should not have reported the challenged

------

[3]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

expenses on a Schedule C. Instead, he indicated that he was entitled to deductions for unreimbursed employee expenses with respect to his work for Cynet. He included in correspondence dated February 20, 2019, Form 2106, Employee Business Expenses, and reported under "Column A: Other Than Meals and Entertainment" vehicle expenses of $1,402.92, parking fees of $19.78, travel expenses while away from home of $33,229.60, and other business expenses of $865, for a total of $35,517.38.[4] He reported under "Column B: Meals and Entertainment" expenses of $7,104 (after the 50% limitation prescribed in section 274(n)(1)). The total amount of business expenses reported on Form 2106 is $42,621.38. Mr. Swyers also included in his response Schedule A, Itemized Deductions, on which he claimed deductions for, inter alia, unreimbursed employee expenses of $42,621 and several cash charitable contributions of less than $250 totaling $2,355.[5]

---

[4]Mr. Swyers reported $35,517.38, but the total calculated by adding up the expenses reported under Column A amounts to $35,517.30.

[5]At trial respondent asserted that the only deductions at issue were the unreimbursed employee expenses and cash contributions to charity. Respondent conceded at trial that petitioner was entitled to every other line item that appeared on both the Schedule C and Schedule A. Those deductions are: (1) State and local income taxes of $3,932; (2) real estate taxes of $2,750; (3) personal property taxes of $56; (4) home mortgage interest of $4,433; and (5) tax preparation expenses of $90.

The IRS issued a notice of deficiency to Mr. Swyers and his wife, dated April 1, 2019, and determined that they were not entitled to deduct the business expenses reported on the Schedule C totaling $39,050 and determined a section 6662(a) accuracy-related penalty of $1,275 for the 2016 taxable year. The notice of deficiency did not refer to or mention the Form 2106 or the Schedule A even though it was issued after Mr. Swyers submitted the Form 2106 and the Schedule A.

Tibor Gasparik, the IRS employee who examined the Swyerses' 2016 tax return, made the initial determination to assert a section 6662(a) accuracy-related penalty on November 2, 2018. On that same date IRS Supervisory Financial Technician (Group Manager) Loretta M. Dirienzo, Mr. Gasparik's immediate supervisor, reviewed and approved the penalty in writing.

## Discussion

### I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Mr. Swyers does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

II.    Cash Charitable Deduction

A taxpayer may deduct charitable contributions made during the taxable year. Sec. 170(a)(1). However, deductions for charitable contributions are allowed only if the taxpayer satisfies statutory and regulatory substantiation requirements. See sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs. The required substantiation depends on the size of the contribution and on whether the contribution is a gift of cash or property. For separate contributions of less than $250 cash, the taxpayer must substantiate each contribution with: (1) a bank record (i.e., canceled check) or (2) a written communication (i.e., receipt or letter) from the charitable organization showing the name of the organization, the date of the contribution, and the amount of the contribution. Sec. 170(f)(17); sec. 1.170A-13(a)(1), Income Tax Regs.

The parties stipulated several documents that Mr. Swyers asserts support his claimed cash charitable deduction for separate cash contributions of less than $250, but which respondent challenged as unauthenticated. The Court need not address respondent's challenge of authentication because none of the letters provides the required substantiation. Therefore, the Court holds that Mr. Swyers is not entitled to deduct $2,355 for cash charitable contributions for 2016.

III.     Unreimbursed Employee Expenses

Mr. Swyers conceded at trial that he erroneously reported expenses with respect to his job with Cynet on Schedule C and that he should have claimed an unreimbursed employee expenses deduction on Schedule A. The amount of unreimbursed employee expenses Mr. Swyers now asserts should be allowed as a deduction exceeds the amount of alleged business expenses and the corresponding net business loss he claimed on the Schedule C.

Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". The term "trade or business" includes performing services as an employee. See Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).

The taxpayer bears the burden of establishing his entitlement to deductions allowed by the Code and substantiating the amounts underlying claimed deductions. See sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. The failure to keep and present accurate records counts heavily against the taxpayer's attempted proof. See Rogers v. Commissioner, T.C. Memo. 2014-141, at *17. Unless specifically enumerated in the Code, deductions are not allowed for personal, living, or family expenses. See sec. 262(a).

Section 274(d) imposes stricter substantiation requirements for deductions claimed, among others, for travel expenses (including meals and lodging while away from home) and listed property. Such deductions are not allowed unless the taxpayer substantiates by adequate records, or by sufficient evidence corroborating his own statement, the amount, time, place, and business purpose for each expenditure. See sec. 274(d) (flush text). Regarding travel expenses, section 1.274-5T(b)(2)(ii) and (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985), defines the term "[t]ime" as "[d]ates of departure and return for each trip away from home, and number of days away from home spent on business" and the term "[p]lace" as "[d]estinations or locality of travel, described by name of city or town or other similar designation". For listed property such as an automobile, the taxpayer must also establish the amount of business use "based on the appropriate measure (i.e., mileage for automobiles * * *), and the total use of the listed property for the taxable period." See id. subpara. (6)(i)(B), 50 Fed. Reg. 46016.[6] "Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute proof of each expenditure or use

---

[6]For listed property the regulation provides a separate definition of "[t]ime" as the "[d]ate of the expenditure or use with respect to listed property". Sec. 1.274-5T(b)(6)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

referred to in section 274." Id. para. (c)(1), 50 Fed. Reg. 46017. "A contemporaneous log is not required," but "the corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value". Id.

In certain circumstances the Court may approximate the amount of an expenditure if the taxpayer proves that it was incurred but cannot substantiate the exact amount (Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). But the taxpayer must provide some basis for such an estimate. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The Court may not invoke the Cohan rule with respect to expenses covered by section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

Mr. Swyers asserts that when he worked in Illinois at Cynet's client's place of business he was away from his tax home--his residence in Florence. The Court need not determine whether Mr. Swyers has proven that his tax home was in Florence, Massachusetts, because he has not strictly substantiated the reported car and truck expenses, travel expenses, and meal and entertainment expenses.

The parties stipulated an exhibit that was printed from Mr. Swyers' computer that listed every day from January 2, 2016, through July 7, 2017, which

purports to show the unreimbursed employee expenses Mr. Swyers incurred. It includes figures in columns titled "logging" (which the Court interprets as referring to lodging), M&IE (which the Court interprets as referring to meals & incidentals), and "miles". The period covered by the document is not limited to the period Mr. Swyers worked for Cynet. Mr. Swyers has not provided contemporaneous records for his car and truck, travel, and meals and entertainment expenses that detail the date such expenses were incurred and their business purpose. See 1.274-5(g), (j), Income Tax Regs. (detailing the substantiation requirements for per diem, mileage, and other travelling allowances).

Further, Mr. Swyers did not present evidence to substantiate his reported office expenses, supplies expenses, and utilities expenses or from which the Court can approximate these expenses. Mr. Swyers testified that he struggles with tasks because of his MS. While the Court recognizes that, the Court must apply the law and cannot excuse Mr. Swyers from his duty to substantiate. Therefore, he has not met his burden of proof, and the Court sustains respondent's disallowance of Mr. Swyers' deduction for unreimbursed employee expenses of $42,621.

IV.  Section 6662(a) Accuracy-Related Penalty

The Court must determine whether Mr. Swyers is liable for the accuracy-related penalty under section 6662(a) and (b)(2) for 2016. The IRS may determine

a penalty equal to 20% of any underpayment that arises from a substantial understatement of income tax. See sec. 6662(b)(2). An understatement is substantial if it exceeds the greater or 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to the liability of individuals for penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty against Mr. Swyers. See id. The Commissioner's burden of production under section 7491(a) also generally includes establishing compliance with the supervisory approval requirement of section 6751(b)(1). See Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Written supervisory approval must be obtained before the IRS formally communicates the penalty to the taxpayer. Clay v. Commissioner, 152 T.C. 223, 249 (2019), aff'd, 990 F.3d 1296 (11th Cir. 2021).

Respondent provided the Court with examination workpapers and printouts of the correspondence examination automation support and case history report, which are internal documents the IRS used to record actions taken in its examinations. These documents show that after the IRS opened an examination of

petitioner's 2016 joint Federal income tax return, it assigned Examining Officer

Gasparik to conduct the examination. On August 27, 2018, Mr. Gasparik first

considered assessing a section 6662 substantial understatement penalty. On

November 2, 2018, Mr. Gasparik's manager, Ms. Dirienzo, approved the penalty.

Thus, respondent has met his burden of production to show that the initial

determination of the penalty was personally approved in writing by the immediate

supervisor of the individual making the determination. See sec. 6751(b)(1); Graev

v. Commissioner, 149 T.C. at 493.

Therefore, Mr. Swyers must provide persuasive evidence that respondent's

determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C.

at 447. Mr. Swyers may meet this burden by proving that he acted with reasonable

cause and in good faith with respect to the understatement. See sec. 6664(c)(1);

Higbee v. Commissioner, 116 T.C. at 447-448; sec. 1.6664-4(a) and (b)(1), Income

Tax Regs. As explained below, the Court finds that Mr. Swyers did not

demonstrate that he acted with reasonable cause and in good faith with respect to

the understatement of tax for 2016.

A.    Substantial Understatement

An "understatement" means the excess of the amount of the tax required to

be shown on the tax return over the amount of tax that is shown on the tax return,

reduced by any rebate. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A); sec. 1.6662-4(a) and (b)(1), Income Tax Regs.

The Court finds that if the computations under Rule 155 establish that there is a substantial understatement of income tax for 2016 as a result of the Court's holdings and respondent's concessions, then Mr. Swyers has substantially understated the income tax.

B.     Reasonable Cause for the Underpayment of Tax

Mr. Swyers is not liable for the accuracy-related penalty, however, if he proves that he acted with reasonable cause and in good faith with respect to the underpayment that arose from a substantial understatement of income tax. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447-448; sec. 1.6664-4(a) and (b)(1), Income Tax Regs. Determining "whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that indicate reasonable cause and good faith include reliance on the advice of a tax professional or an honest misunderstanding of the law that is reasonable in the light of all facts and circumstances. Id.; see Higbee v.

Commissioner, 116 T.C. at 448-449. Relevant facts and circumstances for the Court to consider include the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

Mr. Swyers testified that he prepared his 2016 joint Federal tax return using tax software and that over the years he consulted with other people who had used the software about the best tax strategies. He testified that he did not consult a lawyer or enrolled agent or certified public accountant about preparing the tax return. Mr. Swyers has failed to convince the Court that he had a reasonable basis for misreporting his expenses on a Schedule C or for calculating revised unreimbursed employee expenses and cash charitable contributions on the Form 2106 and Schedule A he provided to the IRS. Further, Mr. Swyers has not acted in good faith in claiming these deductions.

The Court has considered all the parties' arguments, and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.